# United States District Court
# District of Minnesota

<u>Christopher Roller</u>
(Plaintiff)
vs.
The James Randi Educational Foundation, Inc. (JREF)
c/o Magician James Randi
(Defendant)

Civil Action No. 07-1296

Memo in Opposition to Motion to Consolidate/Dismiss/Sanctions

Memo in Opposition to Motion to Consolidate/ Dismiss/Sanctions

ARGUMENTS

As for the motion to dismiss, I have not seen statements in a declaration or any other means denying the allegations listed in the complaint.  I don't need the exact statement, but a statement of some form denying the inferred worse/ bad allegation stated in the complaint.  As a result of this, I have indication/ evidence of all the stated allegations in the complaint.

1. James Randi does not have godly powers.
2. James Randi does not have any knowledge of the use of godly powers for financial gain on planet Earth.
3. James Randi has no knowledge of any immoral behavior committed through the use of godly powers.
4. James Randi has no knowledge of immoral behavior committed against Chris Roller through the use of godly powers.
5. James Randi Educational Foundation does not have and has never had

a field representative (person, associate/partner, or associate/partner company) located in Minnesota for the purpose of investigation of paranormal claims submitted via the JREF Paranormal Challenge.

6. James Randi Educational Foundation has never had any Minnesotans challenge the JREF Paranormal Challenge.

7. James Randi has never seen www.mytrumanshow.com and Chris Roller's notice of patent pending on godly powers.

8. James Randi does not believe Chris Roller is a godly entity exhibiting paranormal godly powers.

9. James Randi does not believe Chris Roller is God.

10. James Randi does not appreciate Chris Roller.

11. James Randi wants Chris Roller to dismiss this case.

Statements regarding the denial of allegations 1-4 were missing in the reply, thus James Randi has godly powers and knowledge of immoral behavior with godly powers, and this is a case of patent infringement.  Cannot consolidate this case with 06-4702.  Most of the remaining questions were pertinent for case 06-4702, and missing, which proved minimum contacts in Minnesota, and that I'm god and God.  I did not see statement 10, but I can infer the $25,000 sanction means Randi does not appreciate me.

Case 07-1296 is a patent infringement case.  Per USC 28 § 1338, Minnesota Federal court, the home of the patent, has exclusive jurisdiction.  Personal jurisdiction is incorporated as part of the "exclusive jurisdiction".  I do not have to pursue people in their home state for infringing on my patent.  I

oppose the motion for consolidation of cases. I also oppose the motion to dismiss because there is evidence of patent infringement - we have a case.

As for the sanctions, Oslund has lost his mind or something. If I were to lose $25,000 every time I threaten to sue someone, then I'm already a $billion in the hole. I believe Ostlund and Noel had godly powers during a decision made on 16Feb2007, and I believe they together conspired against me to cover up the godly powers fraud. I have the right to pursue justice accordingly, including threatening to sue for patent infringement of my godly powers. Thus I oppose the motion for sanctions.

CONCLUSION

For reasons stated above, I oppose the motion to dismiss, motion for consolidation, and motion for sanctions against me.

Respectfully submitted,

Date: __9 Apr 2007____          _____s/_Christopher A. Roller_____
                                Christopher Roller (pro se)
                                13150 Harriet Ave. S #273
                                Burnsville, MN 55337
                                952.239.6410