UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher A. Roller,                    Civil Nos.      06-4702 (JRT/FLN)
                                                          07-1296 (JRT/FLN)
              Plaintiff,

       v.                                               **REPORT AND**
                                                        **RECOMMENDATION**
The James Randi Educational Foundation,

              Defendant.

_____

Pro se Plaintiff.
Richard T. Ostlund for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 11,

2007, on Defendant's Motion to Consolidate, to Dismiss for Lack of Personal Jurisdiction and for

Sanctions [##10 & 19, 06-4702; #2, 07-1296].  The matter was referred to the undersigned for

Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons

which follow, this Court recommends that Defendants' Motion to Consolidate, to Dismiss for Lack

of Personal Jurisdiction and for Sanctions [#19, Civil No. 06-4702; #2, Civil No. 07-1296] be

granted in part and denied in part.

**I.       FINDINGS OF FACT**

       Plaintiff has brought two separate suits against the Defendant.  The first suit is brought in

diversity as a breach of contract claim and the second suit is brought as a patent infringement claim.

The first suit alleges that the Defendant offers $1,000,000 to anyone who can produce evidence of

the paranormal, the supernatural, or the occult.  (See Compl., Civil No. 06-4702 (JRT/FLN)

(hereinafter "Contract Compl.).)    The Plaintiff alleges that he has produced evidence of the

paranormal, the supernatural, or the occult, and therefore Defendant is in breach of contract for not paying him the sum of $1,000,000. (<u>See</u> Contract Compl.)  The second suit alleges that Defendant is infringing on the Plaintiff's patent on godly powers.  (<u>See</u> Compl., Civil No. 07-1296 (JRT/FLN).)  At the hearing, the Plaintiff stated that this patent litigation is the first in a series of patent litigations where he intends to sue ten percent of the country.[1]  (Hr'g Tr. 7.)

The Defendant is a Florida Corporation with its principle place of business in Ft. Lauderdale, FL.  (Randi Decl. ¶2.)  The Defendant was served with the complaint in these actions in Ft. Lauderdale, FL.  (Randi Decl. ¶3.)  The Defendant has no office, business, or property in Minnesota.  (Randi Decl. ¶4-5.)  The Defendant has never had any contacts with the Plaintiff in Minnesota prior to these litigations.  (Randi Decl. ¶7.)

The Plaintiff alleges that the Defendant has contact with two groups based in Minnesota that investigate claims of the paranormal, the supernatural, or the occult.  (Pl. Mem. in Opp., Attach. 8,

---

[1]In addition to these two cases, Plaintiff has brought eleven other cases in this District. Of the eleven additional cases, four are currently pending and three are based on infringement of Plaintiff's patent for godly powers.  <u>Roller v. David Cooperfield's Disappearing, Inc.</u>, Civil No. 07-1182(JNE/JJG) (patent infringement); <u>Roller v. Angel Productions, Inc.</u>, Civil No. 07-1297(ADM/JSM) (patent infringement); <u>Roller v. Central Intelligence Agency</u>, Civil No. 07-1298(JNE/JJG) (civil rights act claims); <u>Roller v. Bush, et al.</u>, Civil No. 07-1675(JRT/FLN) (patent infringement).  Six of Plaintiff's seven previous cases were dismissed and the other was transferred for improper venue.  <u>Roller v. Copperfield</u>, Civil No. 05-446(JRT/FLN), Docket #38 (dismissed for failure to state a claim); <u>Roller v. Bossa Entertainment Corp and Blaine</u>, Civil No. 05-1112(JRT/FLN), Docket #13 (dismissed for failure to prosecute); <u>Roller v. GE Medical Systems Information Technologies, Inc.</u>, Civil No. 05-1297(MJD/AJB), Docket #61 (transferred to the Southern District of South Dakota); <u>Roller v. Sioux Valley Hospitals and Health System</u>, Civil No. 05-1420(RHK/AJB), Docket #38 (dismissed for failure to state a claim); <u>Roller v. Allina Health System</u>, Civil No. 05-1421(ADM/AJB), Docket #6 (dismissed for lack of subject matter jurisdiction); <u>Roller v. George Bush Administration, et al.</u>, Civil No. 05-2177(JRT/FLN), Docket # 37 (dismissed for lack of subject matter jurisdiction); <u>Roller v. Department of Veterans Affairs, Minneapolis Medical Center</u>, Civil No. 06-529(MJD/JJG), Docket #11 (voluntarily dismissed to exhaust administrative remedies).

5.)   These two groups, Minnesota Skeptics and the St. Kloud ESP Teaching Investigation Committee, are listed on a website that is linked to the Defendant's website.  (Pl. Mem. in Opp., Attach. 8, 5.)

Defendant moves for the consolidation of these two cases and the dismissal of these two cases on the grounds that the Court lacks personal jurisdiction over the Defendant.  The Defendant also asks for sanctions against the Plaintiff to prevent a consistent abuse of judicial process.  The Defendant asks the Court to impose a $25,000 sanction, which would be suspended provided the Plaintiff discontinue all litigation, threats, and contacts with the Defendant and his counsel.

## II.        STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a case for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  When considering a motion to dismiss, the Court must construe the pleadings in the light most favorable to the nonmoving party and accept the facts alleged in the complaint as true.  Hamm v. Groose, 15 F.3d 110, 112 (8th Cir.1994); Ossman v. Diana Corp., 825 F.Supp. 870, 879-80 (D.Minn.1993).  The Court must "resolve any ambiguities concerning the sufficiency of the plaintiffs' claims in favor of the plaintiffs . . . and give the plaintiffs 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in their complaint."  Ossman, 825 F.Supp. at 880 (citations and quotations omitted).  As the Eighth Circuit stated in Frey v. City of Herculaneum, "[a] motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  44 F.3d 667, 671 (8th Cir.1995) (quotations omitted).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when

challenged by motions to dismiss.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984).  Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions.  Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir.1981).

## III.     LEGAL ANALYSIS

### A.     Consolidation of These Matters For This Motion Is In the Interest of Judicial Economy.

The Defendant's motion for consolidation is granted as it relates to this motion to dismiss. This motion is based on identical issues of law and fact as it relates to these two cases.  Therefore, it is in the interest of judicial economy that these two cases are consolidated for purposes of this motion to dismiss.

### B.     Defendant Does Not Have Sufficient Minimum Contacts with Minnesota Such that the Maintenance of the Present Suit Will Not Offend Traditional Notions of Fair Play and Substantial Justice.

"A federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment."  Burlington Indus., Inc. v. Maples Indus., 97 F.3d 1100, 1102 (8th Cir.1996).  When a defendant challenges personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction exists.  Id. There are two requirements that must be satisfied before a Minnesota court may exercise personal jurisdiction over a non-resident defendant: "(1) whether the Minnesota long-arm statute has been satisfied, and (2) whether the exercise of jurisdiction . . . would violate the Due Process Clause of the Fourteenth Amendment."  Guinness Import Co. v. Mark VII Distributors, Inc., 153 F.3d 607, 613-14 (8th Cir.1998).  "Minnesota's long-arm statute . . . has been interpreted to extend jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process

Clause of the United States Constitution." Id. at 614 (citing Trident Enter. v. Kemp & George, 502 N.W.2d 411, 414 (Minn.Ct.App.1993)).  Therefore, the Court must determine whether the exercise of personal jurisdiction over Defendants would violate the Due Process Clause of the Fourteenth Amendment.

For the Court to be able to exercise personal jurisdiction over a nonresident defendant, the due process clause requires that a nonresident defendant have "minimum contacts" with the forum state such that a suit against that defendant does not offend " 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  The Eighth Circuit noted that "[t]he nonresident defendant's conduct and connection with the forum state must be such that 'he should reasonably anticipate being haled into court there.' " Guinness Import Co., 153 F.3d at 614 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  To meet this requirement, it is necessary that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King. Corp. v. Rudzewicz, 471 U.S. 462, 475 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).  The Supreme Court noted that the term "purposeful availment" "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts . . . or [as a result] of the unilateral activity of another party or a third person." Id. (internal citations and quotations omitted).

The Eighth Circuit noted that "[o]nce it has been determined that the nonresident defendant purposefully established minimum contacts with the forum state, such contacts must be analyzed in light of other factors to determine whether the exercise of personal jurisdiction . . . comports with

'fair play and substantial justice.'" <u>Guinness Import Co.</u>, 153 F.3d at 614 (quoting <u>Burger King Corp.</u>, 471 U.S. at 476.) The "other factors" that a court should consider are: " (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." <u>Burlington Indus.</u>, 97 F.3d at 1102. However, the Eighth Circuit noted that "the last two factors are said to be of secondary importance and not determinative." <u>Land-O-Nod Co. v. Bassett Furniture Indus.</u>, 708 F.2d 1338, 1340 (8th Cir.1983) (citing <u>Aaron Ferer & Sons Co. v. American Compressed Steel Co.</u>, 564 F.2d 1206, 1210 n. 5 (8th Cir.1977)). The <u>Land-O-Nod</u> Court noted that "[u]ltimately, we must not lose sight of 'the central concern of the inquiry' which is 'the relationship among the defendant, the forum, and the litigation.' " <u>Id</u>. (quoting <u>Shaffer v. Heitner</u>, 433 U.S. 186, 204 (1977)).

There are two different types of personal jurisdiction: specific jurisdiction and general jurisdiction. " 'Specific jurisdiction refers to jurisdiction over causes of action within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.' " <u>Id</u>. at 1103 (quoting <u>Bell Paper Box, Inc. v. U.S. Kids, Inc.</u>, 22 F.3d 816, 819) (internal alterations omitted). "Where specific personal jurisdiction . . . is asserted, due process is satisfied if the defendant has purposely directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities." <u>Id</u>.

In these cases, the Defendant disavows any contact with the State of Minnesota. The Plaintiff alleges that the Defendant has contacts with groups in Minnesota that investigate claims of the paranormal, the supernatural, and the occult. However, Plaintiff's only evidence to support

his claims is a link on the Defendant's website to a website that lists the two Minnesota groups. Plaintiff's allegation of attenuated contact with groups based in Minnesota does not suffice to establish the minimum contact necessary for the Defendant to reasonably expect to be haled into Court in the State of Minnesota. Plaintiff has not met his burden of showing that the Defendant has availed itself of any the protections or benefits of the State of Minnesota. Therefore, viewing the factors as a whole, the Court recommends that Defendant's motion to dismiss for lack of personal jurisdiction be granted as Due Process does not permit this Court's exercise of personal jurisdiction over Defendant.

> ### C. Plaintiff Shall Be Enjoined From Bringing Further Suit In This District Unless the Case is Brought by an Attorney Admitted to this Court.

A review of these two cases, Plaintiff's previous cases, and Plaintiff's pending cases, combined with Plaintiff's assertion that he intends to sue ten percent of the United States, demonstrates that Plaintiff is misusing the judicial process by repeatedly filing cases that are so flawed that they are unable to withstand a motion to dismiss. The Defendant suggests a monetary sanction be imposed and then suspended, so long as the Plaintiff does not bring further litigation. The Court agrees that Plaintiff should be restrained from abusing the judicial process and recommends that the Clerk of Court be directed not to accept any further cases filed by Plaintiff, unless the pleading is signed by an attorney admitted to practice before this Court. Defendant's suggestion that a monetary sanction be imposed and suspended so long as Plaintiff refrains from filing new law suits should be denied as moot.

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Consolidate, to Dismiss for Lack of Personal

Jurisdiction and for Sanctions [## 10 & 19, 06-4702; #2, 07-1296] be **GRANTED** in part **and**

**DENIED** in part as follows**:**

1.    To the extent that the Defendant seeks consolidation of these actions for purpose of this motion, the motion should be **GRANTED;**

2.    To the extent that the Defendant seeks dismissal of these actions for lack of personal jurisdiction, the motion should be **GRANTED**;

3.    To the extent that the Defendant seeks sanctions for misuse of judicial process, the motion should be **GRANTED**.  The Clerk of Court should be directed not to accept any further cases filed by Plaintiff, unless the pleading is signed by an attorney admitted to practice before this Court;

4.    To the extent that the Defendant seeks a monetary sanction, the motion should be **DENIED** as moot.


DATED: June 4, 2007                             s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 21, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **June 21, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.