UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Roller,  Civil No. 07-1296 (JRT/FLN)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

United States of America, State of
Minnesota, and Anthony Ostlund & Baer,

    Defendants.

---

*Pro se* Plaintiff.
Cory D. Olson for Defendant Anthony Ostlund & Baer.
John S. Garry for Defendant State of Minnesota.
David W. Fuller for Defendant United States.
Robert L. Meller and Brigid Goss for Defendant Lakewood Church.
Cooper S. Ashley for Defendant Maslon, Edelman, Borman & Brand.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 2, 2007, on Defendants United States, State of Minnesota, and Anthony Ostlund & Baer's motions to dismiss [#55, 60, 78] and Plaintiff's motions for partial summary judgment [#15, 68, 71, 83]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendants' motions be granted and Plaintiff's motions denied.

**I.  FINDINGS OF FACT**

On February 23, 2007, Plaintiff filed a Complaint [#1]. Plaintiff's Complaint alleged a patent infringement claim against Defendant James Randi Educational Foundation. (*See* Compl., Docket No. 1.) On June 5, 2007, the undersigned issued a Report and Recommendation [#18] recommending that the claims against the James Randi Education Foundation be dismissed. On

September 28, 2007, District Court Judge Tunheim issued an Order [#90] dismissing the claim against the James Randi Educational Foundation.

On May 18, 2007, Plaintiff filed an Amended Complaint [#14]. The Amended Complaint contains a main document outlining Plaintiff's patent application seeking a patent on godly powers. Plaintiff attaches seven supplements to the Amended Complaint; each supplement makes allegations regarding a different Defendant. The supplements name the following defendants: United States; State of Minnesota; Maslon, Edelman, Borman & Brand; Anthony Ostlund & Baer; Lakewood Church; GE Medical Systems Information Technologies; and Bosley Medical Group. The Plaintiff has voluntarily dismissed all of the claims except those against United States of America, State of Minnesota, and Anthony Ostlund & Baer. (*See* Notice of Dismissal, Docket Nos. 43, 52, 54.)

The Supplemental Amended Complaints against the three remaining Defendants allege that they have conspired to prevent the Plaintiff from filing lawsuits, to kill him, and to infringe upon his patent on godly powers. (*See* Supplement to Amended Complaint, Docket No. 14.) All three Supplemental Amended Complaints include the following conclusion "I'm suing [Defendant] for patent infringement, in accordance with U.S.C 35 § 271. I want past royalties amount to be determined based on the missing statements in the reply to this complaint." (*See* Supplement to Amended Complaint, Docket No. 14.) In a memorandum filed with the Court, Plaintiff states that he does not have a patent, only a pending application for a patent. (*See* Docket No. 93, 1.)

## II.    STANDARD OF REVIEW

Defendants move to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the

2

plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir.2002).

Under Rule 8 of the Federal Rules of Civil Procedure, the Plaintiff must set forth in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has determined that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief about the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (internal citations omitted).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint

must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir.1981).

## III. LEGAL ANALYSIS

Plaintiff's Amended Complaint fails to contain specific factual allegations to support his patent infringement claim, therefore it must be dismissed. *Id*. Plaintiff makes various allegations relating to Defendants making attempts on his life, thwarting his access to the legal system, and exercising godly powers. Additionally, Plaintiff has only applied for a patent, which is not enforceable until it is issued. These allegations do not support a patent infringement claim under 35 U.S.C. §271.

Since the Defendants' motion to dismiss should be granted, it must follow that the Plaintiff's motions for summary judgment be denied.

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' motions to dismiss [##55, 60, 78] be **GRANTED** and Plaintiff's motion for partial summary judgment [##15, 68, 71, 83] be **DENIED**. Plaintiff's Amended Complaint should be dismissed with prejudice.

DATED: December 7, 2007        s/ *Franklin L. Noel*
                               FRANKLIN L. NOEL
                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 27, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's

brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 27, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.