UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CHRISTOPHER ROLLER, | Civil No. 07-1296 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, STATE OF MINNESOTA, and ANTHONY OSTLUND & BAER, | |
| Defendants. | |

---

Christopher Roller, 13150 Harriet Avenue South #273, Burnsville, MN 55337, plaintiff *pro se*.

Richard T. Ostlund and Cory D. Olson, **ANTHONY OSTLUND BAER LOUWAGIE & ROSS, P.A.**, 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402, for defendant Anthony Ostlund & Baer.

John S. Garry, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101-2128, for defendant State of Minnesota.

David W. Fuller, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant United States of America.


Plaintiff Christopher Roller filed this *pro se* action against defendants alleging patent infringement. This matter is before the Court on defendants' separate motions to dismiss and plaintiff's motions for partial summary judgment. In a Report and Recommendation dated December 10, 2007, United States Magistrate Judge Franklin L.

Noel recommended that this Court grant defendants' motions and dismiss this action. Plaintiff timely objected to the Report and Recommendation. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons discussed below, the Court adopts the Report and Recommendation and grants defendants' motions to dismiss.

## BACKGROUND

Plaintiff commenced this action on February 23, 2007, asserting a patent infringement claim against then-defendant James Randi Educational Foundation. On May 18, 2007, plaintiff filed an amended complaint adding the above-named defendants to plaintiff's patent infringement claim.[1] This Court dismissed plaintiff's claim against the James Randi Educational Foundation in an order dated September 28, 2007, finding insufficient minimum contacts in Minnesota to support the exercise of personal jurisdiction over that defendant.

Plaintiff's amended complaint alleges that defendants Anthony Ostlund & Baer, the State of Minnesota, and the United States have conspired to infringe upon plaintiff's patent on "godly powers." Plaintiff seeks past royalties as damages for the alleged infringement. Plaintiff admits that he does not own the patent at issue but states that he has a pending application for the patent. Plaintiff further alleges that defendants have conspired to prevent plaintiff from filing lawsuits and have conspired to kill him.

---

[1] Plaintiff also included defendants Maslon, Edelman, Borman & Brand; Lakewood Church; GE Medical Systems Information Technologies; and Bosley Medical Group. Plaintiff has voluntarily dismissed the complaint as to these additional defendants.

Defendants filed separate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff had failed to state a claim for patent infringement under 35 U.S.C. § 271.  Plaintiff also filed multiple motions for partial summary judgment.  The Magistrate Judge recommended that this Court grant defendants' motions, deny plaintiff's motions, and dismiss this action.  Plaintiff then filed these objections to the Report and Recommendation.

## ANALYSIS

### I.     STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party.  *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001).  A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief.  *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).  However, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).  Although it is to be

liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

## II.   PLAINTIFF'S PATENT INFRINGEMENT CLAIM

The relevant patent infringement statute provides that "whoever without authority makes, uses, offers to sell, or sells any *patented* invention, . . . infringes the patent." 35 U.S.C. § 271(a) (emphasis added). "It is axiomatic that there can be no infringement of a patent prior to its issuance." *Cohen v. United States*, 487 F.2d 525, 527 (Fed. Cir. 1973). To willfully infringe a patent, the patent must first exist. *State Indus., Inc. v. A.O Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("Filing a [patent] application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents.")

Here, plaintiff alleges that defendants have conspired to infringe upon his still-pending patent application. However, it is undisputed that plaintiff has not been issued a patent, but has merely applied for one. Because the patent in question has not been issued, the Court finds that plaintiff's patent infringement claim against defendants fails as a matter of law. Accordingly, the Court grants defendants' motions to dismiss and denies plaintiff's motions for partial summary judgment.

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 103] and **ADOPTS** the Magistrate

Judge's Report and Recommendation [Docket No. 102].  **IT IS HEREBY ORDERED** that:

1. Defendant Anthony Ostlund & Baer's Motion to Dismiss [Docket No. 78] is **GRANTED**.

2. Defendant State of Minnesota's Motion to Dismiss [Docket No. 55] is **GRANTED.**

3. Defendant United States' Motion to Dismiss [Docket No. 60] is **GRANTED**.

4. Plaintiff's Motions for Partial Summary Judgment [Docket Nos. 15, 68, 71, and 83] are **DENIED**.

5. Plaintiff's Amended Complaint is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   March 27, 2008  
at Minneapolis, Minnesota.

       s/ John R. Tunheim  
       JOHN R. TUNHEIM  
       United States District Judge